IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 17 2017

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

ANTHONY MILLER and
PHYLLIS MILLER                                                              PLAINTIFFS

v.                          CASE NO. 4:17-cv-101-BSM

EXEL INC., EXEL INC.,
d/b/a DHL SUPPLY CHAIN
(USA), JOHN DOE I,                               This case assigned to District Judge __Miller__
JOHN DOE, II, JOHN DOE III,                      and to Magistrate Judge __Kearney__
JOHN IV, JOHN DOE V,
KIMBERLY-CLARK CORPORATION,
KIMBERLY-CLARK WORLDWIDE,
INC., DEUTSCHE POST DHL GROUP,
EVERGREEN LOGISTICS BUSINESS                                                DEFENDANTS

## COMPLAINT

COME now the Plaintiffs, Anthony Miller and his spouse, Phyllis Miller, by and through their attorneys, Marc E. Stewart and David A. Hodges, and for their Complaint and causes of action against the Defendants, state and allege as follows:

### INTRODUCTION

1.   This action arises out of negligent conduct and foreseeable injuries in the City of Conway, Faulkner County, Arkansas. Federal Court jurisdiction arises under its diversity of citizenship jurisprudence applied to claims resulting from personal injuries within the State of Arkansas. Accordingly, this Court has

proper jurisdiction over the parties and subject matter of this dispute. TRIAL BY JURY IS DEMANDED.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. There exists complete diversity of citizenship and the matter in controversy exceeds $75,000, exclusive of interests and costs, as provided by 28 U.S.C. § 1332 (a).

3. The negligent actions set forth herein occurred in Faulkner County, Arkansas, so that the Eastern District of Arkansas Judicial District, which includes Faulkner County, is the district in which a substantial part of the events or omissions giving rise to this claim occurred. Thus, venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiffs are residents of Marion, McDowell County, North Carolina.

5. Defendants operated a facility at 1475 William J. Clark Road, Conway, Arkansas 72032.

6. EXEL Inc., Defendant, is a foreign for profit corporation, with good standing in the State of Arkansas, at the time of the occurrence, and the agent for service for EXEL Inc. is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

7.     EXEL Inc., d/b/a DHL Supply Chain (USA), is a foreign for profit corporation, authorized to do business in the State of Arkansas, and the agent for service of this Defendant is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

8.     The Complaint has listed five (5) John Does, and David Hodges, one of the attorneys for the Plaintiffs, will file a required Affidavit with the filing of this Complaint, in conformity with the requirements of the Arkansas Procedure as it relates to John Doe Defendants.

9.     Kimberly-Clark Corporation, Defendant, is a foreign for profit corporation, in good standing in the State of Arkansas, who has designated as the agent for service of process The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

10.    Kimberly-Clark Worldwide, Inc., a foreign for profit corporation, authorized to do business in the State of Arkansas, has a registered agent for service as The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

11.    Deutsche Post DHL Group, a German corporation, is the parent of EXEL Inc., EXEL Inc., d/b/a DHL Supply Chain (USA) and has conducted business in the State of Arkansas at the time of the events complained of in this Complaint.

12. Defendants, EXEL Logistics, Inc., EXEL Logistics-Dedicated Distribution, Inc., Evergreen Logistics Business, are foreign corporations that have done business in the State of Arkansas and provide the services complained of at the location of the loading of the vehicle, which is the subject matter of this litigation, at 1475 William J. Clark Road, Conway, Arkansas 72032.

**FACTUAL BACKGROUND AND ALLEGATIONS COMMON TO ALL COUNTS**

13. Plaintiff Anthony Miller was a commercial truck driver who owned and operated a long-long haul trucking business. He lives in North Carolina, but his work regularly requires him to drive to numerous regions of the United States.

14. On March 17, 2014, Mr. Miller picked up a sealed trailer from Exel, Inc., now doing business as Defendant DHL Supply Chain, with a final destination of Graniteville, South Carolina.

15. Upon arrival in Graniteville on March 18, 2014, Mr. Miller was instructed to drop the load onto the dock. He opened the trailer doors and the freight fell from the trailer on top of him. The freight had not been secured.

16. The falling freight knocked Mr. Miller to the ground causing severe injuries.

17. The boxes that were in the vehicle at the time of the loading, on March 17, 2014, and the unloading, which occurred on March 18, 2014, at a

facility which is a subsidiary of FedEx Corporation, with the name Genco Distribution Systems, Inc., located at 1043 Global Avenue, Graniteville, South Carolina 29829.

18.   Kimberly-Clark Corporation and Kimberly-Clark Worldwide, Inc. is a manufacturing facility operating in Conway, Arkansas, and throughout the United States, and perhaps worldwide, and was the owner of the boxes of baby wipes which were in the truck, loaded at Conway, and unloaded in Graniteville, South Carolina, and likewise was the corporate entity that leased the facilities at the location of the loading of the vehicle at 1475 William J. Clark, Conway, Arkansas 72032.

19.   When Anthony Miller (hereinafter Miller) arrived at Graniteville, South Carolina, he was instructed to drop the load on the dock. When the truck was loaded, in Conway, Arkansas, it was sealed so there was no opportunity for Anthony Miller to inspect the contents of the load prior to the time that he unloaded and broke the seal at Graniteville, South Carolina. Upon examination, after the incident, it was determined that there were no airbags, no bracing, and no straps, as required by the United States Department of Transportation, for the proper loading of a vehicle which is involved in this occurrence. In fact, the trailer was overloaded, and Defendants failed to supervise and inspect and secure the load, prior to the seal being placed on the vehicle, and before the

trailer was put in the custody of Anthony Miller for the purposes of taking it to Graniteville, South Carolina.

## COUNT I

20. As a cause of action and ground for relief, Plaintiffs allege the factual matters described in paragraphs 1 through 19, inclusive, of the Complaint as a part of this Count.

21. This incident was caused by the negligence of the Defendants, which consists of, but is not limited to, the following, which negligence was a proximate cause of the alleged injuries and damages sustained by the Plaintiffs, viz:

(a) Negligently failed to secure the load in accordance with the requirements of the Department of Transportation including, but not limited to, providing airbags, bracing, straps and other requirements for cargo securement. The United States Department of Transportation has issued requirements for general cargo security and the Defendants failed to contain, immobilize and secure the cargo, as required by the regulations and requirements of the United States Department of Transportation.

(b) Failed to use ordinary care of the circumstances.

 (d) Failed to keep the contents of the trailer under control so as to prevent the injuries to the Plaintiff when he broke the seal and opened the door.

 (e) Was otherwise guilty of negligence which will be more particularly described during the course of the litigation.

## COUNT II

22. As a cause of action and ground for relief, Plaintiffs allege the factual matters described in paragraphs no. 1 through 21, inclusive of the Complaint as a part of this Count.

23. The injuries and damages complained of by the Plaintiffs were caused by negligence on the part of the Defendants, which negligence consists of, but is not limited to, the following, which negligence was a proximate cause of the alleged injuries and damages sustained by the Plaintiffs, viz:

 (a) Negligently failed to design and to provide a load of boxes of baby wipes, which were manufactured by Kimberly-Clark Corporation and Kimberly-Clark Worldwide, Inc. (hereinafter Kimberly-Clark) so as to keep the boxes from falling out of a trailer which is what happened in this situation.

 (b) Negligently failed to provide a safe place and materials for the transportation of the materials from Conway, Arkansas to Graniteville, South Carolina.

(c) Negligently failed to design and provide boxes that would withstand the transportation of the boxes from Conway, Arkansas to Graniteville, South Carolina.

(d) Was otherwise guilty of negligence which will be more particularly described during the course of the litigation.

24. Plaintiffs contend the Defendants were engaged in the business of manufacturing, assembling, transporting, and otherwise dealing with boxes of baby wipes, which were involved in this occurrence, and the boxes of baby wipes were supplied by Defendants in a defective condition which rendered the situation unreasonably dangerous and that the defective condition was a proximate cause of the injuries to the Plaintiff, Anthony Miller. Plaintiffs contend the Defendants are absolutely or strictly liable to the Plaintiffs.

### COUNT III

25. As a cause of action and ground for relief, Plaintiffs allege the factual matters described in paragraphs no. 1 through 24, inclusive, of the Complaint as a part of this Count.

26. Plaintiffs contend the Defendants impliedly warranted that the boxes of baby wipes, and the load which was picked up at Conway, Arkansas, was merchantable at the time it was provided to the Plaintiff when it was loaded in Conway, Arkansas. Plaintiffs contend there was a breach of the implied warranty of merchantability. The boxes of baby wipes, in the manner

in which they were loaded in the trailer, were not fit for the particular purpose for which they were used and were not adequately constructed and did not conform to the promises and affirmations of the Defendants. Plaintiffs contend the Defendants breached the warranty of merchantability in that the Plaintiff, Anthony Miller, sustained injuries and damages, as a result of the merchandise involved in this situation.

### COUNT IV

27. As a cause of action and ground for relief, Plaintiffs allege the factual matters described in paragraphs no. 1 through 26, inclusive, of the Complaint as a part of this Count.

28. Plaintiffs contend the boxes of baby wipes, and the manner in which they were loaded in the trailer, and all other items relative to this situation, were not fit for the particular purpose for which they were intended. Defendants, at the time the materials were provided to the Defendants in this sealed trailer, had reason to know the purpose for which the boxes would be put in the trailer, and utilized by the ultimate recipient of the materials, and that a trucker such as the Plaintiff, Anthony Miller, would haul the materials from Conway, Arkansas, to Graniteville, South Carolina, and would, of necessity, have to open the door, thereby subjecting him to the very thing that occurred, specifically the boxes came out and injured and damaged him in South Carolina. Defendants knew the Plaintiff, Anthony Miller, was relying upon the

Defendants' skill and judgment to select and furnish suitable items, and to properly stack the items in the trailer, and to prevent this incident from occurring, and failed to comply with the requirements of the Department of Transportation for the proper loading of the boxes in the trailer. The entire situation was not fit for the particular purpose for which it was required and this unfitness was a proximate cause of Plaintiffs' injuries and damages. Plaintiff, Anthony Miller, was an individual whom Defendants would reasonably have expected to use, consumer and be affected by the boxes of baby wipes, merchandise, and the materials found in the trailer.

## DAMAGES

29. Anthony Miller, Plaintiff, sustained injuries and damages, and as a result of the incident, which injuries and damages consist of, but are not limited to, the following, viz:

   (a)   Permanent total impairment;

   (b)   Past and future medical expenses;

   (c)   Past and future pain and suffering;

   (d)   Past and future mental anguish;

   (e)   Loss of ability to earn in the future;

   (f)   Scars, disfigurement, and other visible results of his injuries;

   (g)   Other damages that will be more particularly described during the course of the litigation.

30. Plaintiff has medical expense as a result of his injuries in this occurrence that are in excess of $121,053.80.

31. Plaintiff has sustained eight (8) surgeries, including the recent knee replacement surgery on his left knee, on January 31, 2017, at Memorial Mission in Ashville, North Carolina.

32. As a result of the injuries, the Plaintiff, who is a professional truck driver, will not be able to work with the trucking company because of the injuries and damages sustained as well as the fact that he is requiring medications that would prohibit him from every gaining gainful employment with any trucking company.

33. Anthony Miller sustained injuries and damages which consist of, but are not limited to, the following, viz:

    (a) Left Acetabulum Fracture (Surgery ORIF) - Patient has an interval malleable plate and screw fixation of the posterior wall of the left acetabulum with an additional spring plate;

    (b) Left proximal fibula fracture;

    (c) Ruptured Patellar tendon;

    (d) Comminuted proximal fibular fracture;

    (e) Avulsion fracture of the tibia tuberosity resulting in superior patellar dislocation;

    (f) Peroneus brevis;

(g)   Sustentaculum fracture;

(h)   Metatarsus adductus;

(i)   Torn retinaculum;

(j)   Patella knee cap fracture;

(k)   Peroneal Tendon Subluxation;

(l)   Left patellar dislocation;

(m)   Right ankle dislocation;

(n)   Right distal fibula fracture;

(o)   Status post complex left lower extremity injuries and crush;

(p)   Left lower extremity drop foot;

(q)   Left medial and lateral calcaneal exostosis along with lateral talar exostosis;

(r)   High grade tear tenosynovitis involving the peroneus brevis;

(s)   Arthralgia;

(t)   Gait abnormality;

(u)   Fixation hardware & fibular fracture;

(v)   Syncope.

34. Phyllis Miller, the wife of Anthony Miller, has a loss of consortium claim that she is asserting because she has been denied the love and companionship of her husband, Anthony Miller, because of the injuries and damages sustained in this occurrence.

## JURY DEMAND

35.   Plaintiffs, pursuant to the Federal Rules of Civil Procedure, and the local practice, demand a jury trial on all factual issues.

Respectfully submitted,

**ANTHONY MILLER AND PHYLLIS MILLER, PLAINTIFFS**

By: _____
DAVID A. HODGES
212 Center Street, Fifth Floor
Little Rock, AR 72201-2429
Arkansas Bar No. 65021
Telephone: 501-374-2400
Facsimile: 501-374-8926
Email: david@hodgeslaw.com

And

MARC E. STEWART
MARC STEWART LAW, PLLC
100 Morgan Keegan Drive, Suite 130
Little Rock, AR 72202
Arkansas Bar No. 2008008
Telephone: 501-251-1988
Facsimile: 501-265-0022
Email: marc@marcstewartlaw.com